```
            UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                   FAYETTEVILLE DIVISION
```

IN RE:                                        CASE NO.

**JOHN TIDROW & ASSOCIATES, INC.**            05-05709-8-ATS

    **DEBTOR**

## ORDER DENYING MOTION TO DISMISS

The matter before the court is the motion to dismiss filed by Edwards & Associates, Inc. ("Edwards"). A hearing took place in Raleigh, North Carolina on October 26, 2005.

John Tidrow & Associates, Inc. filed a petition for relief under chapter 7 of the Bankruptcy Code on July 26, 2005. Edwards filed the instant motion to dismiss, contending that the debtor does not qualify as a debtor pursuant to 11 U.S.C. § 109(a) because it is a dissolved corporation with no assets. Edwards also argues that the debtor's filing is for an improper purpose and in bad faith.

The debtor opposes dismissal, contending that under North Carolina law, a dissolved corporation is authorized to file bankruptcy after dissolution. In addition, the debtor contends the filing was a good faith effort to consolidate competing litigation.

According to 11 U.S.C. § 109(a), "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor." 11 U.S.C. § 109(a). "Person" is defined in § 101(41) to include corporations. Because John Tidrow &

Associates, Inc. dissolved prior to filing for bankruptcy, Edwards contends that it has no remaining corporate existence and therefore does not qualify as a debtor pursuant to § 109(a).

John Tidrow & Associates, Inc. filed its articles of dissolution with the North Carolina Secretary of State on August 6, 2004. According to North Carolina General Statute § 55-14-03(b), "[a] corporation is dissolved upon the effective date of its articles of dissolution." N.C. Gen. Stat. § 55-14-03(b).

Under North Carolina General Statute § 55-14-05(a)(3), "[a] dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: (3) [d]ischarging or making provision for discharging its liabilities." N.C. Gen. Stat. § 55-14-05(a)(3).

Absent any North Carolina case law interpreting this statute, the plain meaning of the statute permits dissolved corporations to discharge liabilities in a chapter 7 bankruptcy proceeding. Accordingly, John Tidrow & Associates, Inc. is eligible to be a debtor under § 109(a).

With respect to the bad faith argument, the debtor is involved in approximately three pending lawsuits and has approximately 29 unsecured creditors with claims totaling close to $1,900,000. One of the pending lawsuits is to recover fraudulent transfers; another is for the

appointment of a receiver.  It is not bad faith to file a bankruptcy petition to bring any remaining assets of the debtor into bankruptcy court and to have the proceeds fairly distributed to all creditors under the supervision of a trustee.

Based on the foregoing, Edwards' motion to dismiss the debtor's chapter 7 case is **DENIED.**

**SO ORDERED.**

**DATED:  October 27, 2005**

A. Thomas Small
United States Bankruptcy Judge